

# The Attorney General of Texas

August 13, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No.   MW-359

Re:  Whether county may share
confidential juvenile data
with another agency

Dear Mr. Driscoll:

You ask whether the Harris County Juvenile Probation Department may share its juvenile data with the Harris County Child Welfare Unit. You indicate that the data to be shared relates only to children for which both entities already have some responsibility.

The Juvenile Probation Department is established by article 5139VV, V.T.C.S.  See subchapter C.  Juvenile probation officers are required to investigate cases referred to them by the juvenile court or juvenile board, to be present in the juvenile court and represent the interests of the juvenile when the case is heard, and to furnish the court and juvenile board any information required. V.T.C.S. art. 5139VV, §14.  The Harris County Child Welfare Unit is established pursuant to subchapter E of article 5139VV.  It manages and determines operating policies for county owned institutions for the care of dependent and neglected children.  V.T.C.S. art. 5139VV, §22.  These functions were formerly the responsibility of the Harris County Juvenile Board and the chief juvenile probably officer of Harris County.  Id.

The records of the juvenile probation department are subject to the following provision:

All files and records of a public or private agency or institution providing supervision of a child by arrangement of the juvenile court or having custody of the child under order of the juvenile court are open to inspection only by:

(1)  the professional staff or consultants of the agency or institution;

(2)  the judge, probation officers, and professional staff or consultants of the juvenile court;

(3)   an attorney for the child; or

(4)   with leave of the juvenile court, any other person, agency, or institution having a legitimate interest in the work of the agency or institution.

Family Code §51.14(b).

You inform us that the juvenile board and the child welfare unit meet on a regular basis to consult about children under the supervision of both entities.   In addition to this interchange of views, the juvenile board staff works in the child welfare unit home with children supervised by both agencies.   It does intake work for all of them.

We believe these facts demonstrate that the child welfare unit and the juvenile probation board have established a consultant relationship within section 51.14(b)(1).   See Attorney General Opinion H-660 (1975).   The two entities have shared information and expertise to assist the children subject to their jurisdiction, as well as working in cooperation in the child welfare unit home.   Thus, we believe they may also share files and records on these children pursuant to section 51.14(b)(1) of the Family Code.   Juvenile probation officers are required to furnish the juvenile board with any information required.   See V.T.C.S. art. 5139VV, §14.   Their records may be made available to the child care unit through their supervising board.   Thus the probation department may share with the child welfare unit its data on juveniles under the jurisdiction of both systems. Your brief mentions three types of data they wish to share:   (1) data that does not identify clients; (2) data that does identify clients; (3) data which brings a situation regarding child abuse to the attention of the child welfare unit.   Data in each category may be shared by the Harris County Juvenile Probation Department with the Harris County Child Welfare Unit.

## S U M M A R Y

The Harris County Child Welfare Unit and the Harris County Juvenile Probation Board have shared information relating to the children under the jurisdiction of both entities and have worked cooperatively in the welfare unit home for children.   They are consultants within article 51.14(b) of the Family Code and the probation department may share data relating to children within both systems with the child welfare unit.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
C. Ed Davis
Rick Gilpin
Jim Moellinger
Bruce Youngblood